## Wytheville.

### STONEBRAKER & HUTCHINS *v.* HICKS.

#### June 17, 1897.

1. DEED FROM HUSBAND TO WIFE—*Consideration—Fraud.*—A wife, acting *bona fide*, may purchase property of her husband, and as a part of the consideration may assume the payment of his debts charged as liens on the property purchased. In the absence of fraud apparent on the face of the deed, or necessarily inferred from its terms, fraud will not be presumed, but must be proved with clearness and certainty. If it is charged that the price paid for the property is so inadequate as to amount to fraud, the burden of proving such inadequacy is on the party alleging it. In the case at bar the evidence does not establish fraud on the part of the wife.

Argued at Richmond. Decided at Wytheville.

Appeal from two decrees of the Circuit Court of Madison county, one pronounced December 13, 1894, and the other at the September term, 1895, in a suit in chancery wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Hay & Jeffries* and *T. C. Gordon*, for the appellants.

*Rixey & Barbour* and *F. M. & C. F. McMullan*, for the appellees.

HARRISON, J., delivered the opinion of the court.

On March 22, 1893, H. F. Hicks executed and delivered to his wife, E. J. Hicks, a deed for certain real estate in Madi-

son county, the expressed consideration being $200, paid in cash, the cancellation of certain indebtedness of H. F. Hicks to his wife on account of moneys derived from the estates of her father and mother and loaned to him, amounting to $250, and the assumption by the wife of a deed of trust debt secured on a portion of the land, amounting to $600, the whole consideration aggregating $1,050.

Mrs. Hicks did not put her deed on record until October 4, 1893, and in the meantime the creditors of her husband, to the extent of about $700, obtained judgments which attached as liens to the land, and had to be paid by the wife in order that she might hold her purchase free from encumbrance. On the 17th day of May, 1893, nearly two months after the date and delivery of this deed, H. F. Hicks and his son, R. T. Hicks, as partners in business, entered into a contract with appellants for the purchase of certain merchandise, which was furnished them during the summer of 1893, until an indebtedness was created amounting to about $800.

This suit was brought by appellants, the plaintiffs in the court below, seeking to subject the land sold and conveyed to Mrs. Hicks to the payment of this indebtedness upon the ground that the deed to her was without consideration, and made with intent to hinder, delay, and defraud the creditors of H. F. Hicks.

The court below deeming it unnecessary to decide whether fraud was shown to exist on the part of the grantor, H. F. Hicks, sustained the deed, holding the transaction free from fraud as to E. J. Hicks, the grantee; that she was a *bona fide* purchaser for value, except as to the $200, cash payment, and the sums received by H. F. Hicks from the estates of the mother and father of his wife, aggregating $250; that to that extent the deed was voluntary, and requiring E. J. Hicks to pay that amount into court for the benefit of the creditors of H. F. Hicks.

The legal right of Mrs. Hicks to buy this land from her

husband cannot be questioned. That she did make the purchase is not denied. The only question is the *bona fides* of the transaction. There is nothing on the face of the deed that warrants the suggestion of fraud, and fraud cannot be presumed unless the terms of the instrument preclude any other inference; nor are the alleged facts and circumstances relied on in connection with the deed to establish the alleged fraud sufficient for that purpose; nor is there in the record any evidence sufficient to sustain the charge of fraud, which to avail must be proved with clearness and certainty.

Appellants contend that the court below arbitrarily fixed the value of the land at $1,050, and permitted the purchaser to retain it at that price, thus depriving them of the privilege of having the land sold for a fair price. The record does not sustain this contention. On the contrary, it clearly appears from the deed and other evidence that the consideration for the purchase was $1,050. If the price was so inadequate as to amount to fraud, the burden was upon the appellants to show it, and yet they have not offered a word of evidence on the subject, except the assessment for purposes of taxation showing it to be valued at $1,689.13, which is overcome by abundant evidence on behalf of appellee, establishing beyond controversy that $1,050, the price agreed upon, was the full value of the land.

It is contended on behalf of appellee that the court below erred in holding the deed voluntary as to the $200 cash payment, and the $250 claimed to have been loaned by E. J. Hicks to her husband, and requiring appellee to account to the creditors for that sum. There was no error in this conclusion. The evidence does not establish with sufficient clearness and certainty the right of Mrs. Hicks to credit for these two items. This, however, is not a question of practical value, for the reason that appellee has paid, and will have to pay, much more than the amount of these two items in dis-

charge of the judgments against her husband obtained subsequent to her purchase, and prior to the recordation of her deed.

For these reasons the decrees complained of must be affirmed.

*Affirmed.*

CARDWELL, J., concurred in the result.